**WEBER v. STEELE, Warden.**

**No. 14377.**

United States Court of Appeals, Eighth Circuit.

Aug. 17, 1951.

John Weber, per se.

Sam M. Wear, U. S. Atty., Kansas City, Mo., and William Aull, III, Asst. U. S. Atty., Lexington, Mo., for appellee.

Before GARDNER, Chief Judge, and SANBORN and COLLET, Circuit Judges.

COLLET, Circuit Judge.

This is an appeal from a denial of an application for writ of habeas corpus.

Appellant, who was the petitioner in the court below, was convicted on eight counts of a single indictment charging use of the mails in connection with a scheme and artifice to defraud. On the first four counts he was sentenced generally to serve a term of confinement of five years. On the remaining four counts of the indictment he was sentenced generally to a term of five years with probation, the period of probation to begin "after the execution of the sentence on the first four counts of the indictment."

Petitioner served the sentence of confinement of five years at Leavenworth Penitentiary, and with an allowance of eight days per month "good time" allowed under Sec. 710, U.S.C.A. Title 18 (now Sec. 4161, U.S.C.A. Title 18) he was conditionally released on July 26, 1943. He completed the period of conditional release on the five-year confinement sentence and fully discharged that sentence.

As a result of the violation of the terms of his sentence of probation, that sentence was revoked on March 12, 1948, and he was sentenced to confinement for the term of

five years fixed by the original five-year probationary sentence. He was and is confined at the United States Medical Center and is being allowed eight days per month "good time" on the five-year sentence he is now serving. He contends that the original sentence of confinement of five years and the five-year sentence with probation should be aggregated and considered as a sentence of ten years for the purpose of calculating his "good time" allowance on his subsequent sentence of confinement of five years which he is now serving. The trial court did not agree. If his sentence is considered as one of ten years or more, he is entitled to "good time" allowance of ten days per month, but if his present sentence is one of five years, he is only entitled to the eight days per month allowance which he is being given. The pertinent portion of Section 710 is as follows: "§ 710. Deductions from sentences for good conduct; computation. Each prisoner * * * convicted * * * and is confined, in execution of the judgment or sentence upon any such conviction, * * * shall be entitled to a deduction from the term of his sentence to be estimated as follows, commencing on the first day of his arrival at the penitentiary, * * * : * * * upon a sentence of not less than five years and less than ten years, eight days for each month; upon a sentence of ten years or more, ten days for each month. When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated."

If petitioner was allowed ten days per month on both five-year sentences, he would have been entitled to release on March 7, 1951, as he requested in his original application for habeas corpus filed March 23, 1951, in the District Court. He now modifies that request and contends that the ten-day-per-month allowance should at least be applied to the present five-year sentence. If he is correct in that contention he asserts he would have been entitled to release on July 17, 1951. The Government contends that he is only entitled to a "good time" allowance of eight days per month.

Obviously, the determination of the question presented depends upon the construction of Section 710, supra, which was the applicable law at the time of both sentences. We find no court decision determining this precise question.

An analysis of the sentences will be helpful in reaching the correct conclusion. At the time of petitioner's original sentence in 1938 he was sentenced to only five years imprisonment. The second sentence imposed at that time carried a provision for probation. That provision was an integral part of the sentence and prevents that sentence from being treated as a sentence of confinement. Because only in the event of the contingency of future misconduct was petitioner subject to confinement thereunder. When, after the original five-year sentence of confinement was fully and finally discharged, and petitioner was brought into court upon the charge that he had violated his probation, the Court upon proof of misconduct, modified the original five-year probationary sentence by striking out the probationary feature thereof and in effect, for present purposes, entered a new sentence requiring petitioner's confinement for an additional period of five years. Therefore, unless Section 710 requires the inclusion of periods of probation in the calculation of "aggregate" sentence for the purpose of determining "good time" allowances, petitioner's present claim must be denied because his subsequent sentence of five years confinement for violation of the terms of his probation was a separate, new and different sentence which could not then or now be aggregated with the original sentence.

The Government contends that under Section 710, sentences must be consecutive in order to be aggregated and that the five-year probationary sentence was not consecutive. In a strict and literal sense that is not correct, because the period of probation was to follow the period of confinement consecutively. But from a broader and practical viewpoint, when it is recognized that, for present purposes, the sentence on revocation of probation was a separate, independent and different sentence, not in effect at the time of the original

sentence of confinement, it is correct. But treating the original five-year sentence of probation as consecutive to the original five-year confinement sentence, we are still faced with the question of whether, as heretofore stated, a period of probation was intended by Section 710 to be "aggregated" with a period of confinement for the purpose of determining "good time" allowance. It is our conclusion that it was not so intended, but that on the contrary the Congress intended that only periods of confinement should be aggregated. Such was the conclusion of the trial court. Since we agree, the judgment should be and is

Affirmed.